UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**OMEGA L. EDWARDS, JR.** and
**ADRIAN EDWARDS,**

                Plaintiffs,

  vs.

                                  No. 2:12-cv-13413
                                  Hon. Gerald E. Rosen

**WELLS FARGO BANK, N.A.,**

                Defendant.

_____/

## OPINION AND ORDER
## <u>GRANTING DEFENDANT'S MOTION TO DISMISS</u>

## I. INTRODUCTION

In this mortgage foreclosure action, Plaintiffs Omega and Adrian Edwards seek to challenge Defendant Wells Fargo's foreclosure and subsequent sale of their home to Fannie Mae. Plaintiffs filed their Complaint in Wayne County Circuit Court on July 17, 2012, stating three causes of action: Count I - Injunctive Relief; Count II - Wrongful Foreclosure by Wells Fargo Bank, N.A., in Violation of MCL 600.3204(3) & (4); and Count III - Action to Set Aside Foreclosure and Quiet Title.

Defendant removed the action pursuant to 28 U.S.C. § 1332 on August 2, 2012, and filed its Motion to Dismiss and / or for Summary Judgment on

August 6, 2012. Twenty-one weeks later, Plaintiffs filed their response to Defendant's motion. Defendant replied on January 14, 2013.

## II. FACTUAL BACKGROUND

On March 14, 2008, Plaintiff Omega Edwards obtained a $96,050 mortgage from "We Are Finance Corp.," which named Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee. The mortgage named Omega as the "borrower" and was co-signed by his wife, Adriana, who was designated a "non-obligated spouse."

Plaintiffs defaulted on the mortgage. MCL § 600.3205(a)(1) requires that a borrower in default be provided with written notice of her rights and options prior to the commencement of foreclosure proceedings. Defendant Wells Fargo has submitted an affidavit stating that it sent Plaintiffs a letter -- dated July 8, 2009 -- in which it provided Plaintiffs with the written notice required by § 600.3205(a)(1). Plaintiffs claim they never received this notice.

On November 2, 2009, MERS assigned Plaintiffs' mortgage to Defendant ("The Assignment"). Defendant advertised the foreclosure of Plaintiffs' property in the Detroit Legal News on November 3, 2009. The assignment of Plaintiffs' mortgage from MERS to Defendant was recorded

with the Wayne County Register of Deeds on November 6, 2009.  Defendant further advertised the foreclosure in the Detroit Legal News on November 10, 17, and 24, 2009.

Fannie Mae purchased Plaintiffs' property at a sheriff's sale on March 10, 2010.  The property was deeded to Fannie Mae on March 11, 2010.  Under Michigan law, the six-month statutory redemption period following a foreclosure sale began on March 10, 2010 and was set to expire on September 10, 2010.  Plaintiffs did not redeem the property during this period.

Fannie Mae deeded the property back to Defendant on February 3, 2012.  On July 17, 2012 -- twenty-two months after the redemption period expired -- Plaintiffs filed this action in Wayne County Circuit Court.

### III. DISCUSSION

Defendant has moved to dismiss Plaintiffs' claims under both Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 56.  The Court will first address the counts in Plaintiffs' Complaint through the lens of Rule 12(b)(6), and then, if necessary, apply Rule 56.

## A.      Rule 12(b)(6) Standard

In deciding a motion brought under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to Plaintiffs and accept all well-pled factual allegations as true.  *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).   To withstand a motion to dismiss, however, a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The factual allegations in the complaint, accepted as true, "must be enough to raise a right to relief above the speculative level," and must "state a claim to relief that is plausible on its face."  *Id.* at 570.  "A claim has facial plausibility when the [Plaintiffs] plead[] factual content that allows the court to draw the reasonable inference that the [D]efendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court must "construe the complaint in the light most favorable to the [Plaintiffs], accept [their] allegations as true, and draw all reasonable inferences in favor of the [Plaintiffs]."  *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  However, the Court "need not accept as true legal conclusions or unwarranted factual inferences."  *Id.* (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)).

C:\DOCUME~1\wagner\LOCALS~1\Temp\notesFCBCEE\Edwards v Wells Fargo_Motion to Dismiss_v5.doc

If the well-pled facts in Plaintiffs' Complaint -- accepted as true -- are insufficient to for Plaintiffs to recover on a claim, that claim must be dismissed.  *Iqbal*, 556 U.S. at 680 ("Because the well-pleaded fact of parallel conduct, accepted as true, did not plausibly suggest an unlawful agreement, the Court held the plaintiffs' complaint must be dismissed.").

**B.    Plaintiffs' Claims**

**1.    Injunctive Relief**

Count 1 of Plaintiffs' Complaint alleges "injunctive relief" on the basis that Defendant lacked standing to "commence[] and to proceed with any foreclosure due to the illegal sheriff sale done in fatal violations of MCL 600.3204 and MCL 600.3205 rendering the foreclosure void ab initio." However, "injunctive relief" is not a cause of action. *Terlecki v. Stewart*, 278 Mich. App. 644, 663, 754 N.W.2d 899, 912 (2008) ("It is well settled that an injunction is an equitable remedy, not an independent cause of action."). Because no set of facts could support a finding of "injunctive relief" against Defendant, Count 1 is DISMISSED.

**2.     Wrongful Foreclosure by Wells Fargo Bank, N.A. in Violation of MCL 600.3204(3) & (4)**

Count 2 of Plaintiffs' Complaint alleges that Defendant's foreclosure is void, *ab initio*, because Defendant: (i) failed to provide proper Notice of Plaintiffs' statutory rights under MCL § 600.3204(4)(a) and § 600.3205(a); and (ii) advertised the foreclosure of Plaintiffs' property before it recorded the assignment.  Defendant argues that Plaintiffs lack standing to challenge the foreclosure of their property, because Michigan's six-month redemption period -- which expired twenty-two months before Plaintiffs filed this suit -- extinguished their rights and title to the property.

The rights and obligations of parties to a foreclosure are governed by Michigan statute.  MCL § 600.3236 vests the purchaser of a sheriff's deed with "all the right, title, and interest which the mortgagor had" in the property, unless the property is redeemed within the six-month statutory period.  *Nafso v. Wells Fargo Bank, NA*, 11-10478, 2011 WL 1575372 (E.D. Mich. Apr. 26, 2011).  Plaintiffs' property was sold to Fannie Mae on March 10, 2010, and was not redeemed by Plaintiffs.  Thus, when the sixth-month redemption period expired on September 10, 2010, Fannie Mae became vested with "all the right, title, and interest" in Plaintiffs' property.  *Id.  See*

*also Overton v. Mortgage Electronic Registration Sys., Inc.*, No. 284950, 2009 WL 1507342, at * 1 (Mich. Ct. App. May 28, 2009); *Kama v. Wells Fargo Bank*, No. 10-10514, 2010 WL 4386974, at *2 (E.D. Mich. Oct. 29, 2010); *Smith v. Wells Fargo Home Mortgage, Inc.*, No. 09-13988 (E.D. Mich. Aug. 16, 2010); *Moriarty v. BNC Mortgage, et al*, No. 10-13860 (E.D. Mich. Dec. 15, 2010).

Absent a valid legal interest in the property, Plaintiffs lack standing to challenge the foreclosure sale unless they make a clear "showing of fraud or irregularity." *Brezzell v. Bank of Am., N.A.*, 11-11467, 2011 WL 2682973, at *5 (E.D. Mich. July 11, 2011); *Sweet Air Investment Inc. v. Kenney*, 275 Mich. App. 492, 497, 739 N.W.2d 656 (2007) ("it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside."). However, Count 2 does not allege any fraud or irregularity. Consequently, Count 2 is DISMISSED because Plaintiffs lack standing to challenge the foreclosure sale.

### 3.   Action to Set Aside Foreclosure and Quiet Title

Despite the underlying difference in the legal claim asserted, Count 3 is essentially identical to Count 2, with one crucial exception: it alleges that

Defendant's failure to provide notice was fraudulent and / or irregular, and therefore allows Plaintiffs to challenge the foreclosure.[1]  When alleging fraud or mistake, Fed. R. Civ. P. 9(b) requires that "a party must state with particularity the circumstances constituting fraud or mistake."  The Sixth Circuit has interpreted Rule 9(b) as requiring that Plaintiffs describe specific statements, identify the speaker, specify when and where the statements were made, and explain why the statements were fraudulent.  *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008).  "The threshold test is whether the complaint places the [D]efendant on sufficient notice of the misrepresentation, allowing the [Defendant] to answer, addressing in an informed way the [Plaintiffs'] claim of fraud."  *Kashat v. Paramount Bancorp, Inc.*, No. 09-10863, 2010 WL 538295, at *4 (E.D. Mich. Feb. 10, 2010).  When a party fails to meet its Rule 9(b) burden, dismissal is warranted.

Thus, "because the redemption period has expired, Plaintiff[s] must make a clear showing of fraud or irregularity to set aside the foreclosure sale and succeed in [their] claim."  *Brezzell*, 2011 WL 2682973, at *5.  To meet this burden, Plaintiffs claim that Defendant commenced foreclosure proceedings

---

[1] To the extent that Count 3 challenges the foreclosure on any ground besides fraud or irregularity, it is DISMISSED for the reasons stated in Count 2.

C:\DOCUME~1\wagner\LOCALS~1\Temp\notesFCBCEE\Edwards v Wells Fargo_Motion to Dismiss_v5.doc

8

without notifying Plaintiffs of their rights in the manner required by MCL §§ 600.3204(4) and 3205(a), which mandate notice by both regular and certified, return receipt, mail. This failure, Plaintiffs argue, constitutes a fraud or irregularity which deprived Plaintiffs of an opportunity to take actions that would have prevented the foreclosure of their property.

Count 3 cannot survive Defendant's motion to dismiss because, even if Defendant violated the statute in precisely the manner alleged by Plaintiffs, that violation is insufficient to set aside the foreclosure sale. *Id.* ("Even if Defendants violated [MCL § 600.3205(a)], that is not enough to set aside the foreclosure sale."). This Court has repeatedly held that allegations of defective notice under MCL § 600.3205(a) are "insufficient to justify an equitable extension of the redemption period." *Benford v. CitiMortgage, Inc.*, No. 11-12200, 2011 WL 5525942, at *5 (E.D. Mich. Nov. 14, 2011); *see also, e.g.*, *Nafso v. Wells Fargo Bank, N.A.*, No. 11-10478, 2011 WL 1575372, at *3 (E.D. Mich. Apr. 26, 2011); *Galati v. Wells Fargo Bank*, No. 11-11487, 2011 WL 5178276, at *10-12 (E.D. Mich. Nov. 1, 2011); *Brezzell*, 2011 WL 2682973, at *5. This is particularly true in cases, such as this one, where Plaintiffs waited several months -- in this case, twenty-two months -- after the

redemption period to file suit.  *See Brezzell*, 2011 WL 2682973, at *6; *Nafso*, 2011 WL 1575372, at *3.

The Supreme Court of Michigan has held that it would require a "strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside."  *United States v. Garno*, 974 F. Supp. 628, 633 (E.D. Mich. 1997) (citing *Detroit Trust Co. v. Agozzinio*, 280 Mich. 402, 405-06, 273 N.W. 747 (1937)).  Because the facts alleged in Plaintiffs Complaint -- which Defendant contests -- cannot satisfy this standard even if they are accepted as true, Count 3 fails as a matter of law.  Consequently, Count 3 of Plaintiffs' Complaint is DISMISSED for the same reasons as Count 2.

## IV. CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss is GRANTED on all counts.

**IT IS SO ORDERED.**

s/Gerald E. Rosen
Gerald E. Rosen
Chief Judge, United States District Court

C:\DOCUME~1\wagner\LOCALS~1\Temp\notesFCBCEE\Edwards v Wells Fargo_Motion to Dismiss_v5.doc

10

Dated: February 22, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 22, 2013, by electronic and/or ordinary mail.

 s/Lisa Wagner for Julie Owens             
Case Manager and Deputy Clerk

(313) 234-5137

C:\DOCUME~1\wagner\LOCALS~1\Temp\notesFCBCEE\Edwards v Wells Fargo_Motion to Dismiss_v5.doc